UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALCHEM CORPORATION, et al.,,<br><br>                           Plaintiffs,<br><br>vs.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>                           Defendant. | STIPULATED PROTECTIVE ORDER<br><br>1:19-CV-04666 (CS) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1.      Scope of Protection

This Stipulated Protective Order shall govern any record of information produced in this action and designated pursuant to this Stipulated Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Stipulated Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

1

This Stipulated Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion[1] to intervene and a motion to de-designate.

2.    Definitions

(a)    The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party, disclosure of which would cause injury to the producing party. Any designation of PROTECTED INFORMATION must be made in "good faith" and only as needed by the producing party. For the purposes of this subparagraph, "good faith" means that the producing party has analyzed the designated material and reasonably believes that the Court would enter a Protective Order for the designated material if the producing party so moved.

(b)    The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party.  The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of PROTECTED INFORMATION:  (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive

---

[1] Motions under this Protective Order shall be filed in accordance with the Individual Practices of Judge Cathy Seibel.

business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Stipulated Protective Order the producing party reasonably and in good faith believes would likely cause harm.

   (c) The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" information.

   (e) The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION.  Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case.  These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

   3. <u>Disclosure Agreements</u>

   (a) Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A ("Disclosure Agreement").

   (b) Any disclosure agreement executed by any person affiliated with a party or a TECHNICAL ADVISOR shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

4847-3620-5505\1

(c)     No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert.  Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the Disclosure Agreement or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement.  In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4.     <u>Designation of Information</u>

(a)     Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b)     Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

4

(c)      During discovery, a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d)      A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the reporter to so designate a portion of the transcript at the time of the deposition.

(e)      A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda, and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY when such papers are served or sent.

(f)      A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(g)      The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public.  The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION or CONFIDENTIAL

5

INFORMATION – ATTORNEYS EYES ONLY, rather than the entire document or deposition.  For example, if a party claims that a document contains pricing information that is CONFIDENTIAL – ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS EYES ONLY, rather than the entire document.

     5.     <u>Disclosure and Use of Confidential Information</u>

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to: (1) Qualified Recipients; (2) any officers, directors, and managerial level employees of the producing party; and (3) any employee of the producing party who has access to such information in the ordinary course of such employee's employment.  All Qualified Recipients shall hold such information received from the producing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided.  All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

     6.     <u>Qualified Recipients</u>

For purposes of this Order, "Qualified Recipient" means

     (a)     For CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY:

6

4847-3620-5505\1

(1)    Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2)    Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)    Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above;

(5)    Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document.  Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that:  (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the

7

documents.  Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY in the ordinary course of such employee's employment; and

(6)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, pursuant to the Disclosure Agreement, to be bound by the terms of this Order.

(b)     FOR CONFIDENTIAL INFORMATION:

(1)     Those persons listed in paragraph 6(a);

(2)     In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(3)     The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

(4)     Representatives, officers, or employees of a party as necessary to assist outside counsel with this litigation.

8

7.    <u>Use of Protected Information</u>

(a)    In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind that are served or filed include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the papers must be appropriately designated pursuant to paragraphs 4(a) and (b).

(b)    All documents, including attorney notes and abstracts, that contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c)    Documents, papers, and transcripts that are filed with the court and contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be filed under seal in accordance with Paragraph 11 of Judge Seibel's Individual Practices dated February 3, 2020, the Court's standing Order, 19-MC-00583, and ECF Rules & Instructions, section 6.

(d)    In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order,

9

other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(e)     Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.

8.     <u>Inadvertent Failure to Designate</u>

(a)     In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing.  The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)     It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9.     <u>Challenge to Designation</u>

(a)     Any receiving party may challenge a producing party's designation at any time.  A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

10

(b)     Notwithstanding anything set forth in paragraph 2(a) and (b) herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  In that case, any receiving party desiring to disclose or to permit inspection of the same other than as permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request.  The producing party shall then have five (5) business days from the date of receipt of the notification to:

        (i)     advise the receiving parties whether or not it persists in such designation; and

        (ii)    if it persists in the designation, to explain the reason for the particular designation.

(c)     If no response is made within five (5) business days after receipt of notification under subparagraph (b) above, the receiving party may use the document as if the designation has been removed.

(d)     If a party's request under subparagraph (b) above is turned down, the producing party must move the court for an order confirming the designation within five (5) business days.  If the producing party fails to move the court within that time, the receiving party may use the document as if the designation has been removed.  The burden of proving that the designation is proper shall be upon the producing party.  Until resolved by the parties or the Court, the producing party's designation shall remain in effect.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made other than provided in this Protective Order until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

(e)     No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(f)     With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i)     the information in question has become available to the public through no violation of this Order; or

(ii)     the information was known to any receiving party prior to its receipt from the producing party pursuant to this Stipulated Protective Order; or

(iii)     the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

The foregoing information may be used by the receiving party as if it were never designated as PROTECTED INFORMATION.

10.     <u>Inadvertently Produced Privileged Documents</u>

(1)     The parties hereto also acknowledge that regardless of the producing party's diligence, an inadvertent production of privileged information may occur.  The production in this litigation of any information or documents exempt from disclosure as subject to the attorney-client privilege, work product doctrine, or any other legal privilege protecting information from discovery, by a party, a non-party, or any other person, is deemed to be inadvertent.  In accordance with Fed. R. Civ. P. 26(b)(5), Fed. R. Civ. P. 26(f)(3)(D), and Fed. R. Evid. 502, they therefore agree that such production will not

12

constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other

ground for withholding production to which the producing party or other person otherwise

would be entitled, in this action or in connection with any other matter, provided that the

disclosing party notifies the receiving party of such inadvertent production in writing

promptly upon discovering the inadvertent production.  Upon receipt of such notification,

the party in possession of the inadvertently produced Privileged Materials must

immediately cease any inspection, use, or disclosure of such information.  Such

information must not be introduced into evidence or used for any other purpose, unless the

Court has determined that the information is not privileged.

       (2)     The producing party may request the return of the inadvertently

produced privileged information.  Such request must identify the information inadvertently

produced and the basis for withholding such information from production.  Upon receipt of

such request, if the party in possession of the inadvertently produced privileged

information does not dispute the belated designation thereof as privileged, such party must

promptly return to the claiming party that information and all copies or reproductions

thereof, must destroy all notes or other work product reflecting the contents of such

information, must delete such information from any database on which it is stored, and if

the party disclosed such information to others, must take reasonable steps to retrieve it.  If

the party in possession of the inadvertently produced privileged information disputes the

belated designation thereof as privileged, such party must promptly present that

information to the Court under seal for a determination of the claim of privilege.  In that

event, the producing party will bear the burden of establishing that the information is

governed by applicable privilege.  If the Court determines that the information is

privileged, the party in possession of such information must promptly return to the

claiming party that information and all copies or reproductions thereof, must destroy all notes or other work product reflecting the contents of such information, must delete such information from any database on which it is stored, and if the party disclosed such information to others, must take reasonable steps to retrieve it.  If the Court determines that the information is not privileged, the party in possession of such information may resume its inspection, use, and disclosure of such information.

(3)     The provisions of this paragraph will not be deemed to prevent any party from seeking an order compelling production of any information or documents, including information or documents contained in materials that are returned as a result of a claim of inadvertent production.

11.     <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure:  (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12.    <u>Limitation</u>

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13.    <u>Conclusion of Action</u>

(a)    At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and, upon request from the producing party, to certify to the producing party such destruction or return.  Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)    After this action, counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  Counsel's archive copy shall remain subject to all obligations of this Order.

(c)    The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law.  The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

14.     <u>Production by Third Parties Pursuant to Subpoena</u>

Any third party producing documents or things or giving testimony in this action

pursuant to a subpoena, notice or request may designate said documents, things, or

testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY.  The parties agree that they will treat CONFIDENTIAL

INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

produced by third parties according to the terms of this Order.

15.     <u>Compulsory Disclosure to Third Parties</u>

If any receiving party is subpoenaed in another action or proceeding or served with

a document or testimony demand or a court order, and such subpoena or demand or court

order seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY of a producing party, the receiving party shall give prompt

written notice to counsel for the producing party and allow the producing party an

opportunity to oppose such subpoena or demand or court order prior to the deadline for

complying with the subpoena or  demand or court order.  No compulsory disclosure to

third parties of information or material exchanged under this Order shall be deemed a

waiver of any claim of confidentiality, except as expressly found by a court or judicial

authority of competent jurisdiction.

16.     <u>Jurisdiction to Enforce Stipulated Protective Order</u>

After the termination of this action, the Court will continue to have jurisdiction to

enforce this Order.

17.     <u>Modification of Stipulated Protective Order</u>

This Order is without prejudice to the right of any person or entity to seek a

modification of this Order at any time either through stipulation or Order of the Court.

18.    <u>Confidentiality of Party's Own Documents</u>

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Stipulated Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

SO STIPULATED

Dated:   New York, New York
          October 5, 2020

DORSEY & WHITNEY LLP

By: _____
    Bryon J. Benevento
    Benevento.bryon@dorsey.com
    Kaleb McNeely
    mcneely.kaleb@dorsey.com

51 West 52nd Street
New York, NY 10019-6119
Telephone:  (212) 415-9200

*Attorneys for Plaintiffs Balchem Corporation and Albion Laboratories, Inc.*

4847-3620-5505\1

Dated:   New York, New York
         October 2, 2020

**FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC**

By: /s/

Charles J. Rocco
crocco@fgppr.com
Ashley C. Vicere
avicere@fgppr.com
40 Wall Street, 54th Floor
New York, New York 10005
Telephone:  (212) 257-7100

*Attorneys for Defendant ACE American
Insurance Company*

SO ORDERED AND ENTERED BY THE COURT.

_____

Cathy Seibel, U.S.D.J.

10/5/20

4847-3620-5505\1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALCHEM CORPORATION and ALBION LABORATORIES, INC., <br><br>                  Plaintiffs, <br><br> vs. <br><br> ACE AMERICAN INSURANCE COMPANY, <br><br>                  Defendant. | DISCLOSURE AGREEMENT <br><br> 1:19-CV-04666 (CS) |

I, _____, am employed by _____.  In connection with this action, I am:

_____        a director, officer or employee of _____ who is

directly assisting in this action;

_____        have been retained to furnish technical or other expert services or to give

testimony (a "TECHNICAL ADVISOR");

_____        Other Qualified Recipient (as defined in the Protective Order)

(Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Stipulated Protective Order in the matter of Balchem Corporation and Albion Laboratories, Inc. v. ACE American Insurance Company, Civil Action No. 1:19-cv-04666, pending in the United States District Court for the Southern District of New York.  I further state that the Stipulated Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION,

19

including documents, for any purpose not appropriate or necessary for my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Stipulated Protective Order.  To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Stipulated Protective Order to have access to such information, and (b) have executed a Disclosure Agreement.  I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I agree to be bound by the Stipulated Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the Southern District of New York for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

Date: _____

4847-3620-5505\1